UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JLC-TECH LLC,<br><br>         Plaintiff,<br><br>v.<br><br>LUMINOUS GLOBAL INC.,<br><br>         Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No.: 25-cv-00015-RSH-JLB<br><br>**ORDER REGARDING E-DISCOVERY**<br><br>**[ECF No. 25-1]** |

The parties having stipulated, the Court **ORDERS** as follows:

1. **Standard for Preservation of ESI:** The parties are required to preserve ESI form sources that are in their possession, reasonably accessible, and likely to contain potentially relevant ESI, consistent with their obligations under the applicable rules.

Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.  All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made.

  2. **Privilege:** Documents withheld on the basis of attorney-client privilege or the work-product doctrine will be identified in a privilege log by date, author(s), recipient(s), general description of document and subject matter, and source retrieved from. The parties will exchange privilege logs on January 15, 2026, reflecting documents withheld on the basis of privilege through that date, and will provide timely updates to the log to the extent additional documents are withheld on the basis of privilege. The parties agree the privilege logs do not need to include communications between a party and its counsel subsequent to January 3, 2025 (the date of the filing of the Complaint in this Action).

  Pursuant to Federal Rules of Evidence 502(d), the production or disclosure of any material protected from discovery (whether considered ESI or non-ESI material), including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively "privilege or protection"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such protected material as to the receiving party or any third parties in this litigation or in any other state or federal proceeding, whether inadvertent or otherwise, and regardless of the circumstances of the disclosure. This paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to protected material. Any party who discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return the disclosed documents, including copies, within 10 days of receiving such a written request, but the receiving party may retain one copy of the document for the limited purpose of challenging the claim of privilege or protection. If the receiving party retains a copy of the document for this purpose, it shall notify the producing party and the parties shall promptly confer about the privilege claims and take any dispute regarding privilege to the Court. Even if the documents are returned, the party returning the disclosed documents may seek reproduction of any such documents pursuant to applicable law.

3. **On-site inspection of electronic media.** If a party requests an on-site inspection of electronic media, the parties will confer in good faith regarding the request. No party is required to consent to an inspection absent good cause and/or order from the Court.

4. **Search methodology.** The Court presumes that in the majority of cases, the use of search terms will be reasonably necessary to located ESI likely to contain discoverable information. Parties shall try to reach agreement on appropriate search terms before any query is performed. For each custodian and non-custodial data source identified pursuant to section 9 below, the requesting party will identify no more than 10 terms or queries to be used in connection with electronic searches absent a showing of good cause or agreement of the parties. The parties shall confer in good faith on the 10 terms or queries. Focused terms and queries rather than ones shall be employed. For the purposes of this Protocol, and absent a showing of good cause, search terms returning more than 500 files are presumed to be overbroad. The producing party shall search non-custodial data sources, emails, and other ESI maintained by the custodians identified in section 9 below.

5. **Format.** The ESI shall be produced in electronic format to the requesting party as described in the Production Protocol outlined in Appendix A .

6. **Metadata fields.** Metadata is to be preserved and produced consistent with the Production Protocol outlined in Appendix A.

7. **Costs.** Generally, the costs of discovery shall be borne by the producing party. The Court may shift the cost of production upon a showing of unequal burdens, unreasonable requests, or other good cause.

8. **No waiver.** The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

///

///

9. **ESI Disclosures:** Within 14 days of providing responses and objections to initial Requests for Production ("RFP") pursuant to Fed. R. Civ. P. 34, a party shall disclose:

    a. **Custodians.** The three custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

    b. **Non-custodial data sources.** A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

    c. **Third Party Data Sources.** A list of third party data sources, if any, likely to contain discoverable ESI (e.g. third party email and/or mobile device providers, "cloud" storage, etc.) and for each such source, indicate the extent to which a party is (or is not) able to preserve information stored in the third party data source.

**IT IS SO ORDERED.**

Dated: May 20, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge

# APPENDIX A

## Production Protocol

The parties agree to the following production protocol for electronically stored information. Parties are not required to provide metadata where it is not reasonably available (e.g., scanned documents).

**Images**- Single-page 300 dpi B/W Tiff images and color images should be rendered in JPEG.

**Text**- Extracted text files, at the document level, and filename should be the document start bates. Load file should reference the text file.

**Natives**- Access files, drawing files, Excel documents, .csv files and other spreadsheets, and audio/video files should be produced in native format. Files that cannot be imaged should be produced in native format. Where native files are provided, filename should reflect the bates number and a placeholder image should be produced referencing the native file. Load file should also reference the natively produced file. The parties also agree to accommodate reasonable requests for the production of a particular document in native format.

**Load file** - A standard, Concordance delimited .dat load file and .opt load file. Fields cited below.

**Imaging Specifications and Further Comments**- Word processing documents should be imaged showing track changes or edits, comments, notes, and other similar information. If Excel files are redacted and produced in image format, those images should have hidden rows/columns/sheets unhidden. PowerPoint presentations should include speaker's notes. No stamps should overlap content. Bates should be in the bottom right of image; confidentiality stamps in bottom center of image.

**Fields to be included in .dat load file, for ESI:**
Start Bates
End Bates
Start Attach
End Attach
To
From
CC
BCC
Subject

Sent Date/Time
Date/Time Last Modified
Date/Time Created
Original Filename
Original Filepath
Custodian
All Custodians (if global de-duplication applied)
All Paths (if global de-duplication applied)
Confidentiality
Redactions (where applied)

**Fields to be included in .dat load file, for scanned files:**
Start Bates
End Bates
Custodian
Confidentiality
Redactions (where applied)