UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JLC-TECH, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>LUMINOS GLOBAL, INC.,<br><br>                    Defendant. | Case No.: 25-cv-15-RSH-JLB<br><br>**ORDER ON MOTION TO STAY PROCEEDINGS**<br><br>[ECF No. 50] |

Before the Court is a motion to stay filed by defendant Luminos Global, Inc. ECF No. 50. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court grants Defendant's motion.

## I.    BACKGROUND

### A.    Ex Parte Reexaminations, Generally

The instant Motion arises from Defendant's request to stay these proceedings pending resolution of ex parte reexamination proceedings.

Congress established the ex parte reexamination process in 1980. *See Samsung Elecs. Am., Inc. v. Prisua Eng'g Corp.*, 948 F.3d 1342, 1345 (Fed. Cir. 2020). The ex parte reexamination process allows "[a]ny person at any time" to "file a request for

reexamination" with the United States Patent and Trademark Office ("USPTO"). 35 U.S.C. § 302. Upon filing, the PTO determines whether the request raises "a substantial new question of patentability affecting any claim of the patent." *Id.* § 303(a). If it does, the reexamination is "conducted according to the procedures established for initial examination." *Id.* § 305; *Samsung*, 948 F.3d at 1345 ("After institution, an ex parte reexamination follows essentially the same back and forth process between the patent owner and the examiner as in the initial PTO examination."). "The reexamination results in the confirmation of claims found to be patentable and the cancellation of claims found to be unpatentable." *Celgene Corp. v. Peter*, 931 F.3d 1342, 1359 (Fed. Cir. 2019) (citing 35 U.S.C. § 307(a)).

### B.     Proceedings in this Court

Plaintiff is a Massachusetts limited liability company that develops and sells LED lighting fixtures. ECF No. 1 ("Compl.") ¶¶ 1, 6. Plaintiff's flagship product, the T-Bar LED, is designed to replace the cross members in a grid ceiling system with LED lights. *Id.* ¶¶ 16–18. Plaintiff owns U.S. Patent Nos. 10,508,805 ("the '805 Patent") and 11,732,878 ("the '878 Patent), which disclose a T-bar with a "light housing provided on a lower portion" that is "configured to support a lighting module." *Id.* ¶¶ 29, 34; '805 Patent, Abstract. Plaintiff additionally owns a registered copyright to a technical brochure published in May 2018 for its T-Bar LED product (Registration No. VA 2-137-244). Compl. ¶¶ 22–23.

On January 3, 2025, Plaintiff brought the instant action against defendant Luminos, alleging that Defendant's T-SLIM series of linear lights, including Model Nos. LGL-T-SLIM-9, LGL-T-SLIM-S, LGL-T-SLIM-I, and LGL-T-SLIM-15, infringe the '805 and '878 Patents. *Id.* ¶¶ 45, 57. Plaintiff also alleges Defendant's advertising materials for its T-SLIM products infringe Plaintiff's registered copyright. *Id.* ¶ 4. Plaintiff asserts Claims 1, 2, 4, 7-13, 18-20 and 22-23 of the '805 Patent and Claims 1-9, 12-13, and 16-17 of the '878 Patent against Defendant.

///

On May 19, 2025, the Court issued a scheduling order setting deadlines through the claim construction phase of this case. ECF No. 30 at 1–2. On December 12, 2025, the Court issued its claim construction order. ECF No. 45. On the same day, the Court issued a further scheduling order setting the remaining deadlines in this action. ECF No. 46. The Court subsequently modified the deadlines for the completion of fact and expert discovery upon the Parties' joint request. ECF Nos. 47, 48. As modified, fact and expert discovery are set to be completed on May 8, 2026 and July 10, 2026, respectively. ECF No. 48 at 1–2. Dispositive motions are due on July 20, 2026. ECF No. 46 at 2. The final pretrial conference is set for November 19, 2026. *Id*. at 5.

### C.    Requests for Reexam and Motion to Stay

On December 12, 2025, Defendant filed requests for ex parte reexamination of the '805 and '878 Patents with the PTO. ECF Nos. 50-11; 50-12. On January 29, 2026, the PTO granted Plaintiff's requests, holding the requests raised a "substantial new question" of patentability as to Claims 1, 2, 4, 7-13, 18-20 and 22-25 of the '805 Patent and Claims 1-9, 12-13, and 16-17 of the '878 Patent. ECF No. 50-6 at 5; 50-7 at 5.

On February 19, 2026, Defendant filed the instant motion to stay. ECF No. 50. Plaintiff filed a response and Defendant filed a reply. ECF Nos. 54; 55.

## II.    LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citation omitted); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) ("The ability to stay cases is an exercise of a court's inherent power to manage its own docket.").

"In determining whether to grant a stay pending review or reexamination by the PTO, district courts generally consider the following three factors: (1) the stage of the proceedings, (2) whether a stay will simplify the issues in question and trial of the case,

25-cv-15-RSH-JLB

and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Smith Interface Techs., LLC v. Apple Inc.*, No. 23-CV-1187 TWR (BGS), 2024 WL 6916567, at *3 (S.D. Cal. Oct. 2, 2024). "Judicial consideration is not limited to these factors, but rather can include a review of totality of the circumstances." *Qualcomm Inc. v. Apple Inc.*, No. 3:17-CV-2403-CAB-MDD, 2018 WL 4104966, at *1 (S.D. Cal. Aug. 29, 2018).

"There is no per se rule that patent cases should be stayed pending reexamination[.]" *Wi-LAN Inc. v. LG Elecs., Inc.*, No. 18-CV-01577-H-BGS, 2018 WL 9516050, at *2 (S.D. Cal. Dec. 4, 2018) (internal quotation marks omitted); *Viskase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexaminations."). "Instead, the decision to grant a stay is within the court's discretion, taking into account the totality of the circumstances." *Wi-LAN*, 2018 WL 9516050, at *2. Nevertheless, courts in the Ninth Circuit have recognized that "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination[.]" *Masimo Corp. v. Wireless*, No. 19-CV-01100-BAS-NLS, 2021 WL 321481, at *2 (S.D. Cal. Feb. 1, 2021); *see Polaris PowerLED Techs., LLC v. W. Digital Corp.*, No. 2:24-CV-02864-ODW (MARX), 2025 WL 1853394, at *2 (C.D. Cal. June 23, 2025); *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. C 06-2252SBA, 2007 WL 627920, at *1 (N.D. Cal. Feb. 26, 2007). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## III.    ANALYSIS

### A.    Stage of the Proceedings

"The first factor the Court considers is whether the litigation is at an early stage. Specifically, courts consider whether discovery is complete and whether a trial date has been set." *Wi-LAN*, 2018 WL 9516050, at *2 (internal quotation marks omitted). "Generally, the time of the motion is the relevant time to measure the stage of litigation." *Id.* (internal quotation marks omitted).

///

Here, when Defendant filed the instant motion, the Court had already issued its claim construction order. ECF No. 45. Discovery was well underway but not yet complete: fact discovery was set to close in approximately two months and expert discovery in approximately four months. ECF No. 48 at 2. Nevertheless, the case had not yet reached the later stages of litigation: dispositive motions were not due for another five months, the final pretrial conference was nine months away, and no trial date had been set. ECF No. 46 at 2. While this case was not in its procedural infancy when the motion to stay was filed, "[s]ubstantial work still remain[ed] for this case to be ready for trial." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015).

Courts have reached differing conclusions as to whether a stay is warranted in cases with similar procedural postures. *Compare Facet Techs., LLC v. Lifescan, Inc.*, No. 2:22-CV-01717-MCS (MARX), 2023 WL 4203506, at *2 (C.D. Cal. May 1, 2023) (denying motion to stay pending inter partes review where "discovery was well underway and the Court had already issued its claim construction ruling" at the time the motion to stay was filed); *Verinata Health*, 2015 WL 435457, at *2 (holding stage of litigation weighed against stay pending inter partes review where discovery was well underway—although not yet closed—and court had construed disputed terms); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031–32 (C.D. Cal. 2013) (holding stage of proceedings weighed against a stay pending reexamination where Court had already held a *Markman* hearing and issued its claim construction ruling); *Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. C 10-04645 RS, 2012 WL 761692, at *4 (N.D. Cal. Mar. 8, 2012) (denying motion to stay pending reexamination where parties had fully briefed claim construction, attended a *Markman* hearing, and received a claim construction order) *with DoDots Licensing Sols. LLC v. Samsung Elecs. Co.*, No. 23-CV-06521-JSC, 2024 WL 664807, at *2 (N.D. Cal. Feb. 16, 2024) ("[C]ourts routinely grant stays even when claim construction has already occurred if substantial work lies ahead."); *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *3–4 (N.D. Cal. Jan. 13, 2014) (holding stage of proceedings weighed slightly in favor of stay where claim

25-cv-15-RSH-JLB

construction order had been issued and fact discovery deadline was approaching but "a substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself" lied ahead); *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-CV-04738-WHO, 2018 WL 6574188, at *3 (N.D. Cal. Dec. 12, 2018) ("Although claim construction is complete and some substantial discovery has already occurred, several costlier stages of pretrial preparation remain, not to mention the trial itself … This case is not too advanced to make a stay improper or untenable.").

In this case, because these proceedings have progressed beyond the early stages but have not yet reached their most resource-intensive phase, the Court finds this factor is neutral.

### B.      Simplification of the Issues

"The second factor courts consider is whether granting a stay could simplify the litigation." *Smith*, 2024 WL 6916567, at *4. A stay is justified where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998). "The standard is simplification of the district court case, not complete elimination of it[.]" *DoDots*, 2024 WL 664807, at *3 (internal quotation marks omitted); *see Hisense USA Corp. v. Polaris PowerLED Techs., LLC*, No. 2:25-CV-00764-SPG-PD, 2026 WL 252755, at *3 (C.D. Cal. Jan. 27, 2026) ("Reexamination need not resolve every issue in the case for this factor to favor a stay."); *Pragmatus Telecom, LLC v. NETGEAR, Inc.*, No. C 12-6198 SBA, 2013 WL 2051636, at *2 (N.D. Cal. May 14, 2013) ("[A] stay request is not contingent upon the reexamination proceeding being coterminous and resolving every claim and issue in this action. Rather, the salient question is whether the reexamination will aid the Court or otherwise streamline the litigation.").

Here, the PTO has instituted reexamination proceedings as to all of the asserted claims in this action. ECF Nos. 50-1 at 16; 50-6 at 5; 50-7 at 5. Defendant submits statistical data from the PTO as of September 30, 2025 showing that in third-party initiated

reexamination proceedings, 22.9% of cases result in all claims being confirmed, 16.1% of cases result in all claims being canceled, and 61.0% of cases result in some number of claims being amended. ECF No. 50-13 at 3. Thus, 77.1% of reexamination proceedings initiated by a third-party result in either canceled or amended claims. *Id.* The Court finds these facts weigh in favor of a stay. *See Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1372 (Fed. Cir. 2014) (reasoning the simplification factor "weighs more strongly in favor of a stay when *all* of the litigated claims are undergoing [administrative] review"); *see Relink US LLC v. Tesla Inc.*, No. 25-CV-03365-RFL, 2025 WL 2909964, at *3–4 (N.D. Cal. Oct. 14, 2025) (holding ex parte reexamination proceedings would simplify issues in case where reexamination "could impact all of the claims at issue" and statistics indicated that "78.1% of [reexamination] proceedings result in canceled or changed claims."); *Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C08-184JLR, 2009 WL 357902, at *2 (W.D. Wash. Feb. 9, 2009) ("If the court allows the case to proceed there is a substantial risk that it and the parties will expend substantial resources in determining the validity of patent claims that may ultimately be cancelled or amended by the USPTO.").

Plaintiff responds that the ex parte reexamination process is not likely to simplify the issues in this case because there are no estoppel consequences from reexamination. As a consequence, unless a claim is cancelled during reexamination, Plaintiff will still be allowed to raise the same patent invalidity arguments again in this litigation. ECF No. 54 at 9–12. Although the absence of estoppel may limit the *extent* of simplification, "the benefits of simplification still accrue for any claims that the USPTO cancels or amends[.]" *Pac. Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1066 (W.D. Wash. 2011). Moreover, "even absent cancellation of claims, reexamination would still simplify issues by providing the court with [the] expert opinion of the PTO and clarifying the scope of the claims." *Relink*, 2025 WL 2909964, at *2 (internal quotation marks omitted); *see Old Reliable Wholesale, Inc. v. Cornell Corp.,* 635 F.3d 539, 548 (Fed. Cir. 2011) ("While it is true that this court is not bound by the PTO's actions and must make its own

independent determination of patent validity, it is equally true that the PTO has acknowledged expertise in evaluating prior art and assessing patent validity.") (internal quotation marks and citation omitted); *see Hisense*, 2026 WL 252755, at *3 (noting reexamination could simplify the issues in the case even if the PTO did not cancel or modify any claims "by provid[ing] the Court with the expertise of the PTO in interpreting patents") (internal quotation marks omitted); *Sonics, Inc. v. Arteris, Inc.*, No. C 11-05311 SBA, 2013 WL 503091, at *3 (N.D. Cal. Feb. 8, 2013) (granting stay of case pending reexamination noting that "the PTO's expert opinion [would] provide guidance for the Court"); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995) ("[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with [the] expert opinion of the PTO and clarifying the scope of the claims.").

Notably, "an award of damages finalized in this case before the final determination of the validity of the patent would leave [Defendant] without any recourse to recover the monies paid" if all or some of the asserted claims of the patents-in-suit are cancelled. *Warsaw Orthopedic, Inc. v. Nuvasive, Inc.*, No. 308CV01512CABMDD, 2016 WL 4466973, at *2 (S.D. Cal. June 15, 2016); *see Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[T]he cancellation of a patent's claims cannot be used to reopen a final damages judgment ending a suit based on those claims."). Proceeding to a final judgment while reexamination remains pending therefore creates a meaningful risk not only of inconsistent outcomes, but also that Defendant could be required to pay damages on claims that are later cancelled.

Finally, Plaintiff argues that the simplification factor does not favor a stay because it also asserts a copyright infringement claim that would be unaffected by the PTO's reexamination proceedings. ECF No. 54 at 12. However, "district courts can and do stay entire actions pending reexamination even where there are additional claims, such as claims for copyright infringement." *CTC Cable Corp. v. Mercury Cable & Energy, LLC*, No.

SACV09261DOCMLGX, 2009 WL 10674430, at *5 (C.D. Cal. Aug. 3, 2009). Although Defendant is correct that Plaintiff's copyright claim would proceed unaffected regardless of the results of the reexamination, this does not undermine the impact the reexamination may have on the patent claims in this case. *Richtek Tech. Corp. v. UPI Semiconductor Corp.*, No. C 09-05659 WHA, 2011 WL 445509, at *3 (N.D. Cal. Feb. 3, 2011) (noting defendant's observation reexamination would not resolve copyright claims was "correct," but did not "diminish the likelihood that the patent claims" would be "simplified through reexamination.").

For these reasons, the Court finds the simplification factor weighs in favor of a stay.

### C.    Undue Prejudice/Tactical Advantage

"The last factor courts consider is whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Smith*, 2024 WL 6916567, at *7. Here, Plaintiff argues that it would suffer undue prejudice if a stay were granted because: (1) Defendant did not initiate reexamination until the case was well underway; (2) the reexamination proceedings remain in their early stages; and (3) Plaintiff and Defendant are direct competitors. ECF No. 54 at 12–18.

Plaintiff first points to the timing of Defendant's request for ex parte reexaminations as indicative of gamesmanship. *Id.* at 13–14. This argument has some support. Defendant did not file its requests for reexamination until December 12, 2025, months after this litigation had commenced and only after the Court provided the Parties with tentative claim constructions and held its claim construction hearing. ECF Nos. 44; 50-11; 50-12. Nevertheless, the Court is not persuaded the timing of Defendant's reexamination requests is evidence of improper tactical delay. Defendant represents it began preparing its petitions promptly after JLC's disclosure of its claim construction positions and that the petitions took approximately two and a half months to complete. ECF No. 55 at 10. This explanation is plausible. The record also reflects that Defendant shared its draft petitions with Plaintiff on December 4, 2025 as part of settlement discussions prior to filing them with the USPTO, which does not suggest a last-minute filing undertaken purely for strategic advantage. ECF

No. 50-3 at 3.

Plaintiff next argues that a stay is inappropriate because the reexamination proceedings have only recently begun, relying on *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783 (D. Del. 2011). ECF No. 54 at 17. The *Boston Scientific* case is distinguishable. In *Boston Scientific*, the early stage of the reexamination proceeding was significant because discovery had already been completed and trial was imminent; at the time of the court's ruling, trial was only approximately three weeks away. *Id.* at 788. This is not the case here.

The Court finally looks to the relationship of the Parties. "Unlike patent infringement actions involving non-practicing entities, infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages." *Skillz Platform Inc. v. Aviagames Inc.*, No. 21-CV-02436-BLF, 2022 WL 1189882, at *6 (N.D. Cal. Apr. 21, 2022) (internal quotation marks omitted); *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("[C]ompetition between parties can weigh in favor of finding undue prejudice."). Here, Defendant concedes its products may be a "market alternative" to Plaintiff's products. ECF No. 55 at 13. Nevertheless, there is no evidence in the record that Plaintiff and Defendant "ever competed for the same customer or contract." *VirtualAgility*, 759 F.3d at 1318.

Even assuming some degree of market overlap, however, the proper inquiry for the Court is "whether the patentee will be *unduly prejudiced* by a stay in the district court proceedings during the [administrative review]" which "focuses on the patentee's need for an expeditious resolution of its claim." *Id.* (emphasis original). In assessing undue prejudice, the Court first notes the amount of time it took Plaintiff to file suit against Defendant. Plaintiff represents it notified Defendant as to the alleged infringement in August 2022. ECF No. 54 at 13. Nevertheless, Plaintiff did not file this suit until over two years later on January 3, 2025. ECF No. 1. This fact undercuts Plaintiff's claim it would be unduly prejudiced by a stay. *VirtualAgility*, 759 F.3d at 1319 (holding the fact that plaintiff waited nearly a year after patent issued before filing suit weighed against

plaintiff's claim it would be unduly prejudiced by a stay); *see also SCA Hygiene Prods. Aktiebolag v. Tarzana Enters., LLC*, No. CV 17-04395-AB (JPRX), 2017 WL 5952166, at *5 (C.D. Cal. Sept. 27, 2017) ("Seeing as how [plaintiff] delayed in bringing this action in the first place, its arguments of prejudice [resulting from a stay pending administrative review] are unpersuasive."); *Evolutionary Intel., LLC v. Sprint Nextel Corp.*, No. C-13-03587, 2014 WL 4802426, at *5 (N.D. Cal. Sept. 26, 2014) ("Given that [plaintiff] waited multiple years to assert its patent claims, [plaintiff's] concerns that a seven to thirteen month stay would cause undue prejudice ring hollow."); *Autoalert, Inc. v. Dominion Dealer Sols., LLC*, No. SACV 12-1661-JST, 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013) ("If the Defendants['] continued sale of [the accused product] was in fact catastrophic to Plaintiff's business, it is unlikely Plaintiff would have waited more than two years after acquiring its first patent to file suit.").

For the above reasons, the Court finds this factor weighs in favor of a stay.

### D.    Totality of Circumstances

"Ultimately the totality of the circumstances governs, and the court must decide stay requests on a case-by-case basis." *Omnitracs, LLC v. Platform Sci., Inc.*, No. 20-CV-0958-JLS-MDD, 2021 WL 857005, at *8 (S.D. Cal. Mar. 8, 2021) (internal quotation marks and citations omitted). Here, two of the factors weigh in favor of a stay and one factor is neutral. As discussed above, a stay is likely to simplify the issues before the Court by allowing the PTO to evaluate the asserted claims and potentially cancel or narrow them, thereby reducing the scope of this litigation and conserving judicial resources. Although the Court recognizes that the Parties may be direct competitors and reexamination proceedings can be lengthy, "[a] stay will not diminish the monetary damages to which [Plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *VirtualAgility*, 759 F.3d at 1318.

## IV.    CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's motion and **STAYS** this case pending the completion of ex parte reexamination proceedings.

25-cv-15-RSH-JLB

The Parties are **DIRECTED** to: (1) file a joint status report regarding the status of the ex parte reexamination proceedings every three months from the issuance of this Order until the completion of the ex parte reexamination proceedings; and (2) notify the Court within **7 days** after ex parte reexamination proceedings have concluded.

**IT IS SO ORDERED.**

Dated: March 27, 2026

_____
Hon. Robert S. Huie
United States District Judge

25-cv-15-RSH-JLB